IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BELEN LOCKE, an individual, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-20-0099-F |
| THE CITY OF CHOCTAW,<br>Oklahoma, a governmental entity, | ) ) ) ) |
| Defendant. | ) ) |

### ORDER

Defendant, the City of Choctaw, moves for summary judgment on all remaining claims. Doc. no. 74. Plaintiff Belen Locke responded, objecting to summary judgment. Doc. no. 75. The City filed a reply brief. Doc. no. 78.

For the reasons stated in this order, the motion will be granted in part and denied in part. The motion will be granted with respect to all claims other than plaintiff's sex discrimination claims, brought under Title VII and the OADA, alleging that in April of 2018, plaintiff was not rehired as a full-time police officer based on her gender.

### The Claims

Following the court's order at the motion to dismiss stage,[1] the claims which currently remain in this action are based on the City's failure to rehire plaintiff as a full-time police officer with the Choctaw Police Department (CPD) in April of 2018. The remaining claims allege that plaintiff was not rehired: 1) due to discrimination based on her race, color, sex or national origin; and 2) in retaliation for her

---

[1] *See*, doc. no. 21, p. 25 (order on motion to dismiss, describing surviving claims).

participation in protected activity. The protected activity is plaintiff's reporting of race- or ethnicity-based comments in approximately May of 2014 through July of 2014. All remaining claims are brought under Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101 *et seq.* (the OADA).

## Summary Judgment Standards

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983). The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to avoid a properly supported summary judgment motion; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.

## Burden-Shifting Framework

A plaintiff may rely on direct evidence or circumstantial evidence to establish a Title VII discrimination or retaliation claim. Ward v. Jewell, 772 F.3d 1199, 1202

(10th Cir. 2014). Here, plaintiff's evidence is circumstantial. Accordingly, she seeks to avoid summary judgment by relying on the three-part burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

In analyzing both discrimination and retaliation claims, the burden-shifting framework requires plaintiff to carry the initial burden of identifying evidence to support a *prima facie* case; if plaintiff does so, defendant must offer a legitimate, non-retaliatory or non-discriminatory reason for its decision (the decision not to rehire plaintiff in 2018); if defendant carries that burden, plaintiff bears the ultimate burden of demonstrating that defendant's proffered reason is pretextual. Vaughn v. Epworth Villa, 537 F.3d 1147, 1150-51 (10th Cir. 2008) (retaliation); DePaula v. Easter Seals El Mirador, 859 F.3d 957, 969 (10th Cir. 2017) (discrimination). All of which means that if, in response to a properly supported motion for summary judgment, plaintiff carries her burdens under this framework, defendant will not be entitled to summary judgment on the Title VII claims. The same analysis applies to the counterpart OADA claims. *See*, Jones v. Needham, 856 F.3d 1284, 1292 (10th Cir. 2017) ("The OADA is analyzed similarly to Title VII claims.").

Claims Not Pressed:

Discrimination Based on Race, Color and National Origin

Plaintiff's response brief repeatedly describes her claims as comprised of two types of claims: <u>retaliation</u> claims and <u>sex</u> discrimination claims. *See*, *e.g.*, doc. no. 75, p. 24 ("The adverse employment action here was Choctaw's failure to hire her as a full-time officer. This decision was either because of her report of racially charged comments to her superiors [retaliation] or it was because she was a woman or both."); *id.* at p. 29 ("Locke was denied rehire for one or both of the following reasons (1) she is a woman and/or (2) she reported the racially charged comments."). The court finds that plaintiff no longer presses, and therefore implicitly concedes, her discrimination claims based on race, color and national origin.

Alternatively, plaintiff has not demonstrated a genuine issue of material fact with respect to her race, color and national origin claims. Thus, even if plaintiff did not intend to concede these claims, defendant would be entitled to summary judgment.

For the reasons stated, defendant is entitled to summary judgment on plaintiff's discrimination claims based on race, color or national origin. This leaves just two types of claims for further consideration: claims alleging that plaintiff was not rehired in retaliation for protected activity, and sex discrimination claims alleging that plaintiff was not rehired based on her gender.

## Retaliation Claims

To state a *prima facie* case of retaliation under Title VII, plaintiff must show that: "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008), quoting Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1123-24 (10th Cir. 2007). "The text, structure, and history of Title VII demonstrate[s] that a plaintiff making a retaliation claim under [Title 42]§ 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338, 362 (2013).

Defendant takes no position on the first and second elements but argues that plaintiff cannot prove the third element of her *prima facie* case. Specifically, defendant argues there is no causal connection between plaintiff complaining, in 2014, about Lonnie Brewer's and Robert Snyder's alleged comments (the alleged protected activity), and the City's decision not to rehire plaintiff as a full-time police officer in 2018.

4

As explained in O'Neal v. Ferguson Const. Co., 237 F.3d 1248, 1253 (10th Cir. 2001), the amount of time between the protected activity and the failure to rehire is important to the analysis.

> A causal connection may be shown by "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.1982). Unless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation. *See* Conner v. Schnuck Mkts., Inc., 121 F.3d 1390, 1395 (10th Cir.1997). "[W]e have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation. By contrast, we have held that a three-month period, standing alone, is insufficient to establish causation." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir.1999) (citation omitted).

237 F.3d at 1253 (emphasis added).

Standing alone, the approximately four-year gap between plaintiff's alleged protected activity and the City's failure to rehire her is too long to establish causation. Accordingly, the court has considered whether there is any other evidence to support an inference of a retaliatory motive and thus a causal connection which would satisfy the third *prima facie* element.[2]   The court concludes there is

---

[2] To show causation, plaintiff argues, for example, that Chief Daniel Wiedemann took no corrective action in response to her complaints. There is a dispute over that issue. But presuming no corrective action was taken, that failure occurred more than four years before the decision not to rehire plaintiff in 2018.  Plaintiff also argues that Wiedemann, the person she complained to, is the same person who denied her application to be rehired. (Elsewhere in her brief, plaintiff argues others were also involved in that decision.)  In addition, plaintiff argues there was no legitimate reason she should not have been rehired, as she was fully qualified for the position.  However, the fact that plaintiff was presumably qualified for the job is not more than a scintilla of evidence to prove plaintiff was not rehired in 2018 due to protected activity in 2014.

5

insufficient evidence to satisfy that element. As a result, defendant is entitled to summary judgment on the retaliation claims.

Although it is not necessary to take the analysis beyond this point, the court will address the second and third steps of the burden-shifting framework as an alternative basis for its ruling.

Defendant has identified a legitimate, non-retaliatory (and non-discriminatory) reason for the decision not to rehire plaintiff as a full-time police officer. Defendant has submitted evidence to show plaintiff was not rehired as a full-time police officer because, after she resigned, she worked in a field other than law enforcement for almost nine months, during which time, to Chief Wiedemann's[3] knowledge: plaintiff did not work a single shift as a reserve officer, plaintiff did not work twenty hours per month (in any of those months),[4] plaintiff did not obtain any law enforcement-related continuing education, and plaintiff did not participate in any firearms qualification training. *See*, defendant's proposed undisputed material fact (UMF) no. 53, citing Wiedemann affidavit at doc. no. 74-4, ¶¶ 16-17.

Because defendant has carried its burden at the second step, the burden shifts back to plaintiff to identify evidence that defendant's articulated reasons for its decision were a pretext for retaliation.

A plaintiff may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions with respect to defendant's proffered reasons for its action that a reasonable factfinder could rationally find the proffered reasons unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory or nonretaliatory reasons.

---

[3] Defendant presents evidence that Wiedemann is the person who decided not to select plaintiff to complete the entire application process. Doc. no. 74-4, Wiedemann affidavit at ¶ 16.

[4] Defendant asserts that twenty hours per month is the minimum number of hours required to be worked by reserve officers.

6

Luster v. Vilsack, 667 F.3d 1089, 1092-93 (10th Cir. 2011), quoting Swackhammer v. Sprint/United Mgmt. Co., 493 F.3d 1160, 1167 (10th Cir. 2007).  Other typical methods for proving pretext include identifying evidence that the defendant's stated reasons are false, or that similarly situated individuals were treated differently, or that the employer failed to follow the usual company practice in its treatment of the plaintiff.  Swackhammer at 1167-68.  Evidence of pretext may take a variety of these or other forms, as a plaintiff may not be forced to pursue any particular means of demonstrating that a defendant's stated reasons are pretextual.  *Id*. at 1168, citing Patterson v. McLean Credit Union, 491 U.S. 164, 187-88 (1989).

      To show that defendant's stated reasons for its decision, in 2018, not to rehire plaintiff were a pretext for retaliation based on protected activity in 2014, plaintiff relies on much the same evidence that she relies on to establish a *prima facie* case of retaliation.  *See*, *e.g.*, n. 2, above.  Neither that evidence, nor any other evidence identified by plaintiff to support her retaliation claim, satisfies plaintiff's burden at the pretext stage.

      Plaintiff has not carried her burden at the first or third stages of the burden-shifting framework.  Accordingly, defendant's motion for summary judgment will be granted with respect to the retaliation claims alleged under Title VII and the OADA.

## Sex Discrimination Claims

      Plaintiff makes a *prima facie* case of gender discrimination by identifying evidence that:  1) she belongs to a protected class (here, female),  2) she applied for an available position for which she was qualified,  and 3) she was rejected under circumstances which give rise to an inference of unlawful discrimination.  *See generally,* Tabor v. Hilti, Inc., 703 F.3d 1206, 1216, n.4 (10th Cir. 2013) (claims

included failure to promote based on gender discrimination).[5] Defendant takes no position on plaintiff's evidence regarding the first and second *prima facie* elements but focuses, instead, on the third element, which requires evidence from which gender discrimination may be inferred.

To satisfy the third element, plaintiff has identified at least one potential male comparator, Ernesto Calamateo, who she contends was treated more favorably when he was rehired than plaintiff was treated when she sought to be rehired.[6] Plaintiff has presented evidence that Calamateo left the CPD to work for the highway patrol and then returned to the CPD without undergoing the full array of tests and steps which plaintiff had to complete.

In response, defendant contends Calamateo is not a relevant comparator. Defendant argues Calamateo was gone from the police force for only three months, during which he worked in law enforcement. Defendant argues that these circumstances made it unnecessary for Calamateo to go through certain steps in the application process. There is a dispute over whether Calamateo should be considered a similarly situated male applicant for rehire who was treated more liberally than plaintiff was treated. At this stage, genuine disputes are called for the plaintiff. Calamateo's circumstances, while different from those of the plaintiff, are an insufficient basis for summary judgment on the gender discrimination claims.

---

[5] *See*, Tabor, 703 F.3d at 1216, n.4 (court prefers three-part version of the test although similar four-part variations have been used in this circuit, citing Turner v. Public Service. Co. of Colorado, 563 F.3d 1136, 1142 (10th Cir. 2009)); *see*, *e.g.*, Fischer v. Forestwood Co., Inc., 525 F.3d 972, 982-83 (10th Cir. 2008) (using a four-part test in a case involving a failure to rehire). Here, plaintiff proposes a four-part test (doc. no. 75, p. 15) while defendant proposes a three-part test (doc. 74, p. 18). Either way, plaintiff's *prima facie* burden is slight, and the result reached in this order would be the same.

[6] Plaintiff also argues that Preston Davis and Zachary Hill are potential comparators. At this stage, the court disregards Davis and Hill because the evidence cited by plaintiff does not appear to be based on the deponents' personal knowledge about the hiring process applied to these individuals.

Moreover, Calamateo's situation is not the only evidence cited by plaintiff to support her gender discrimination claim. Although "stray remarks" often are not admitted for purposes of a discrete discrimination claim, that is not necessarily the case if plaintiff can link the remarks to personnel decisions or to the individuals making those decisions. Heno v. Sprint/United Management Co., 208 F.3d 847, 856 (10th Cir. 2000). In other words, when remarks link-up with and support plaintiff's version of events, they are more than "stray remarks."

Plaintiff has identified workplace remarks to support her claim that she was not rehired due to her gender. She relies on evidence that Robert Bosse told other officers, such as Anthony Libel[7] and Jason Ammons,[8] that he, Bosse, did not believe women should be in law enforcement. Furthermore, she identifies evidence that Bosse and Robert Snyder (see discussion below regarding remarks by Snyder) were supervisors, and that they took part in the hiring process for the police department because they sat on the hiring boards. Doc. no. 75-3, p. 113.

Plaintiff cites some additional remarks-type evidence which the court does not consider at this stage because it is not clear whether this evidence is based on firsthand knowledge. (This evidence is also not critical to the result.) For example, plaintiff cites testimony from Tawana Gracy which indicates relevant remarks were made not only by Bosse but also by Snyder. Doc. no. 75-4, p. 59 ("…officers [Snyder and Bosse] saying they didn't feel like they could be—officers—a police officer wasn't a profession for a woman, they were female, and didn't think a female

---

[7] Libel's deposition, doc. no. 75-2, pp.11-12 (Q: "Were you aware of any statement made by Officer Bosse to you, related to women in law enforcement? … And what was the statement, to the best of your recollection?" A: "He [Bosse] didn't believe that women should be in law enforcement," and "he never would be partnered with a female.")

[8] Ammons' deposition, doc. no. 75-3, p. 91 ("Captain Robert Bosse had told me, on one occasion, that he doesn't believe women should be in law enforcement"), p. 159 ("Based on his [Bosse's] statements he made to me, he didn't believe women should be in law enforcement.").

9

could do the job."). Plaintiff also cites Lidel's testimony, expressing his belief that females were not allowed to continue in the application process in the same way that at least one male applicant (a man with a nervous system condition) was permitted to, because Bosse and Wiedemann were "trying to maintain a male—a male staff." Doc. no. 75-2, pp. 15-16. As stated, none of this evidence is considered for present purposes.

Defendant makes various arguments for rejecting plaintiff's remarks-type evidence. Defendant asserts lack of firsthand knowledge on the part of the deponents. This argument is rejected because at least two witnesses have firsthand knowledge of Bosse's remarks. *See*, nn. 7, 8, above. Defendant argues that Bosse and Snyder's remarks should be disregarded because Bosse and Snyder were not involved in the hiring process. This argument is rejected because, as previously noted, plaintiff has identified evidence to the contrary. Defendant also argues that Bosse and Snyder's remarks are inadmissible hearsay. This argument is rejected because the remarks are not offered for the truth of the matter asserted (they are not offered to prove that women should not work as law enforcement officers).

In addition, defendant presents evidence that while Daniel Wiedemann was Chief of Police, two females were offered positions as full-time police officers. That argument is rejected as a basis for summary judgment. The fact that other females were offered a position does not foreclose plaintiff's claim that *she* was a victim of gender discrimination.

Plaintiff has identified evidence to support the third *prima facie* element of her gender discrimination claim, the only element actively contested by the defendant at this stage. Plaintiff's evidence includes at least one potential male comparator who was treated more favorably than she was when she sought to be rehired, as well as remarks by Bosse which link-up with plaintiff's claim of gender discrimination. Plaintiff has met her burden at the first step of the analysis.

This finding shifts the burden to defendant to articulate a legitimate, non-discriminatory basis for its decision not to rehire plaintiff.  Defendant has done so, as set out in the portion of this order that addresses the retaliation claims.

Accordingly, the burden shifts back to plaintiff to show pretext.  The same evidence that satisfies plaintiff's burden with respect to the third element of her *prima facie* case also satisfies her burden to show pretext.  To review, plaintiff has identified (with supporting evidence) a potential male comparator who was treated more favorably than plaintiff was treated with respect to the tests and steps that must be completed when an applicant seeks to be rehired by the CPD.  Plaintiff has also identified evidence of remarks made by Bosse (a supervisor who plaintiff has cited evidence to show had at least some type of role in hiring decisions), to the effect that women should not work in law enforcement.  A reasonable factfinder could rationally conclude that defendant's proffered reasons for its decision not to rehire plaintiff are unworthy of credence.  The factfinder could then infer that defendant did not act for the proffered reasons but acted, instead, based on plaintiff's gender.

As plaintiff has carried her burden at the first and third steps of the analysis, defendant is not entitled to summary judgment on plaintiff's sex (gender) discrimination claims alleged under Title VII and the OADA.

## Conclusion

After careful consideration, defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** with respect to the discrimination claims, brought under Title VII and the OADA, alleging that plaintiff was not rehired based on her race, color or national origin.  The motion is also **GRANTED** with respect to the retaliation claims brought under Title VII and the OADA.  Summary judgment is **GRANTED** in favor of defendant, The City of Choctaw, and against the plaintiff, Belen Locke, on these claims.

The motion is **DENIED** with respect to the sex discrimination claims, brought under Title VII and the OADA, alleging that in April of 2018, plaintiff was not rehired as a full-time police officer based on her gender.  These claims survive for trial.

IT IS SO ORDERED this 16th day of April, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0099p010.docx